■ Monsees Tool & Die, Inc., et al., Respondents, v United States Fidelity & Guaranty Company, Appellant.—Order and judgment unanimously affirmed, with costs. Memorandum: Defendant entered into negotiations with plaintiff Monsees Tool & Die, Inc., concerning a claim arising from the negligence of defendant's insured. An adjuster for defendant and the plaintiffs Friedman & Greenfield, P. C., attorneys for Monsees Tool & Die, Inc., agreed to settle the claim for $11,000. Defendant issued a draft dated January 11, 1979 in that amount payable to Monsees Tool & Die, Inc., and plaintiff attorneys which was indorsed and deposited. On January 15, 1979 defendant's adjuster discovered that the policy limits for the loss was only $5,000 instead of $15,000 as he originally believed. He notified plaintiff attorneys and defendant issued a stop payment order for the $11,000 draft. Plaintiffs brought this action for summary judgment in lieu of complaint on the draft as an instrument for the payment of money only (CPLR 3213). The sole defense asserted by defendant in opposition to the motion is mutual mistake of fact, i.e., the mistake of its adjuster as to the amount of coverage available. The order granting plaintiffs' summary judgment is affirmed. Defendant has made no showing that all parties to the transaction were acting under a mistake of fact, only that it was mistaken as to the amount of coverage available. Plaintiffs had no interest in the amount of coverage and no duty to inquire about the limits. Their only purpose was to recover the damages arising from the negligence of defendant's insured. Special Term erred, however, in relying in part upon plaintiffs' status as a holder in due course. Subdivision (2) of section 3-305 of the Uniform Commercial Code provides that a holder in due course takes the instrument free from all

defenses "of any party to the instrument with whom the holder has not dealt". Upon the facts present in this record, defendant is a party with whom plaintiffs have "dealt" and defendants may assert the defense of mutual mistake. We find only that the defense has no merit. (Appeal from order and judgment of Monroe Supreme Court—summary judgment.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.